**SIGNED THIS: September 03, 2008**

_____
**MARY P. GORMAN**
**UNITED STATES BANKRUPTCY JUDGE**
_____

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| In Re ) | |
| ) | In Bankruptcy |
| JOHN ROBERT LUEDTKE, ) | |
| ) | Case No. 07-70924 |
| Debtor. ) | |
| _____ ) | |
| ) | |
| JOHN ROBERT LUEDTKE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Adversary No. 08-7041 |
| ) | |
| COMMERCE BANK N.A., ) | |
| ) | |
| Defendant. ) | |

# O P I N I O N

The Plaintiff, John Robert Luedtke, is the Debtor in a case filed under Chapter 11 of the Bankruptcy Code and is in the process of carrying out the terms of his confirmed, liquidating Chapter 11

-1-

Plan.  Mr. Luedtke has filed an Amended Complaint which seeks to avoid the lien of the Defendant, Commerce Bank N.A., on real estate which is held in a land trust.  Mr. Luedtke is one of the beneficiaries of the land trust.  Count One of the Amended Complaint is based on the Debtor's status as a hypothetical lien creditor under 11 U.S.C. §544(a)(1), and seeks to avoid the lien of Commerce Bank against his beneficial interest in the land trust because the lien was not properly created pursuant to the terms of the trust agreement.  Count II of the Amended Complaint seeks a declaratory order that the Commerce Bank mortgage is not a valid lien against the real estate and the land trust because it was not signed by the trustee of the land trust as required by the trust agreement.  Commerce Bank has filed a Motion to Dismiss both counts of the Amended Complaint.  For the reasons set forth herein, the Motion to Dismiss will be granted without prejudice.

Mr. Luedtke holds a 10% beneficial interest in Trust Number TW711 ("Trust TW711").[1]  Trust TW711 was executed on June 25, 1996, and holds title to an apartment building located at 711 South Towanda Avenue, Normal, Illinois ("the Towanda Property").  Bank of Illinois in Normal is the trustee of Trust TW711.  There are eight other beneficiaries, and they hold the remaining 90%

---

[1] Plaintiff refers to the trust as "McLean County Land Trust No. 155 (formerly known as TW711)", but all of the documents submitted describe the trust as Trust Number TW711.  Accordingly, the trust will be referred to herein by its original name.

-2-

beneficial interest in Trust TW711. Neither the remaining beneficiaries nor the trustee are parties to this proceeding.

Commerce Bank claims a mortgage against the Towanda Property. The mortgage was recorded with the McLean County Recorder of Deeds on October 12, 2001. The mortgage was executed by two of the land trust beneficiaries - Mr. Luedtke and Michael R. Hill. Mr. Luedtke signed the mortgage as "Authorized Signer for Trust Number TW711, Bank of Illinois in Normal, Trustee of Trust Number TW711" and as "Trustee of Bank of Illinois in Normal". Mr. Hill signed the mortgage as "Trustee of Bank of Illinois in Normal".

Mr. Luedtke alleges that the mortgage was not properly created pursuant to the terms of Trust TW711 because the mortgage was signed by two of the beneficiaries of the trust rather than by the trustee. Therefore, Mr. Luedtke argues that the Commerce Bank mortgage should be voided as a lien against his beneficial interest in the land trust, the Towanda Property, and the land trust. Commerce Bank's Motion to Dismiss asserts that Mr. Luedtke has not stated causes of action upon which relief may be granted, and that he does not have standing to contest the validity of the mortgage on the Towanda Property.

In order for a plaintiff to defeat a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) and its counterpart Federal Rule of Bankruptcy Procedure 7012, it must appear from the pleadings that the plaintiff has set forth

-3-

sufficient factual matter to establish plausible - not just speculative - grounds to be entitled to the relief requested. Bell Atlantic Corporation v. Twombly, 550 U.S. ___, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007). The court must take as true all well-pleaded material facts in the complaint, and must view these facts and all reasonable inferences which may be drawn from them in a light most favorable to the non-moving party. *See* Northern Trust Co. v. Peters, 69 F.3d 123, 129 (7th Cir. 1995). Documents attached to a complaint are considered part of the pleadings. *See* Fed.R.Civ.P. 10(c); Fed.R.Bankr.P. 7010; McCready v. eBay, Inc., 453 F.3d 882, 891 (7th Cir. 2006).

A land trust is a device by which real estate is conveyed to a trustee under an arrangement wherein the full management and control of the property is reserved for the beneficiaries. *See generally*, Henry W. Kenoe, Kenoe on Land Trusts (Illinois Institute for Continuing Legal Education, 1989). Land trusts are typically created with two instruments, a deed in trust and a trust agreement. The deed in trust transfers all legal and equitable title to real property to the trustee. People v. Chicago Title & Trust Co., 75 Ill.2d 479, 488, 389 N.E.2d 540, 543, 27 Ill.Dec. 476, 479 (1979). Generally, a trust agreement is executed with the deed in trust and describes the rights of the beneficiaries to retain control over the management, use, and disposition of the property, and to receive all proceeds from the property. The

trustee usually has no duties or powers other than to convey, mortgage, or deal with real estate as directed by the beneficiaries, or to sell or liquidate the property at the termination of the trust. Because the beneficiaries hold only personal property interests in the trust, they do not possess a direct interest in the real estate owned by the trust. <u>Redfield v. Continental Cas. Corp.</u>, 818 F.2d 596, 607 (7th Cir. 1987).

Trust TW711 is a conventional Illinois land trust. A standard trust agreement form was used to create the trust. Trust TW711 provides that the title to the Towanda Property has been transferred to Bank of Illinois in Normal as trustee and that the beneficiaries are entitled to the earnings and proceeds of the property. As trustee, Bank of Illinois in Normal holds legal and equitable title to the Towanda Property, but its powers are limited to entering into real estate transactions and bringing legal actions regarding the property at the direction of Mr. Luedtke or Mr. Hill. The authority to make "deeds or mortgages or trust deeds" is specifically delegated to the trustee. The beneficiaries hold a personal property interest in the land trust. Thus, Mr. Luedtke does not hold a direct ownership interest in the Towanda Property.

Mr. Luedtke does have the "rights and powers of . . . a creditor that extends credit to the debtor at the time of the commencement of the case, and that obtains, at such time and with

respect to such credit, a judicial lien" on property in question.[2] 11 U.S.C. §544(a)(1); *see also* 11 U.S.C. §1107.  The Seventh Circuit has explained that this "strong arm power" functions much like a foreclosure:

> If at the time of . . . filing some hypothetical unsecured creditor could have obtained a judicial lien superior to the interest of the party bringing a secured claim in the bankruptcy proceeding, the estate can avoid the interest. *See* <u>In re Leonard</u>, 125 F.3d 543, 545 (7th Cir. 1997).  But unlike a regular foreclosure, the property simply becomes the estate's free of the secured lien.

<u>In re Airadigm Communications, Inc.</u>, 519 F.3d 640, 650 (7th Cir. 2008).

In Count I of the Amended Complaint, Mr. Luedtke seeks to "void the Commerce Mortgage as an alleged lien against the Debtor's beneficial interest in the Land Trust pursuant to 11 U.S.C. §544(a)(1)".  Commerce Bank does not dispute Mr. Luedtke's status as a hypothetical judicial lien creditor.  However, Commerce Bank does not claim a lien on Mr. Luedtke's beneficial interest in the land trust.  Commerce Bank's mortgage claims a lien only on the Towanda Property.  Because the Court cannot avoid a lien that does not exist, *i.e.* a Commerce Bank lien on Mr. Luedtke's beneficial interest in the land trust, Count I must be dismissed for failure

---

[2] The Order confirming Mr. Luedtke's Chapter 11 Plan specifically reserved to him continuing status as a debtor in possession and the authority to use trustee avoiding powers as needed to complete the liquidation of his estate.

to state a claim for relief. Mr. Luedtke has not set forth sufficient factual matter to be entitled to the relief he requested in Count I.

In Count II of the Amended Complaint, Mr. Luedtke seeks a declaratory order finding that "the Commerce Mortgage is not a valid lien against the Towanda property and the Land Trust due to the lack of a signature by the Trustee as required by the explicit provisions of the Trust Agreement." Commerce Bank urges dismissal of this Count because Mr. Luedtke lacks standing to assert that the mortgage does not create a valid lien against the Towanda Property and the land trust. The burden is on the plaintiff to plead sufficient facts for the court to find that he has standing. Warth v. Seldin, 422 U.S. 490, 501-02, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975).

Pursuant to the terms of his confirmed, liquidating Chapter 11 Plan, Mr. Luedtke is charged with the task of recovering, managing and selling all "property of the estate" which is broadly defined in the Bankruptcy Code. See 11 U.S.C. §541. The nature of a debtor's interest in property is determined by reference to state law. Travelers Casualty & Surety Co. of America v. Pacific Gas & Electric Co., 549 U.S. ___, 127 S.Ct. 1199, 1205, 167 L.Ed.2d 178 (2007). But federal bankruptcy law determines what constitutes property of the estate for §541 purposes. Matter of Yonikus, 996 F.2d 866, 869 (7th Cir. 1993); In re Fetter, 354 B.R. 242, 245

(Bankr. C.D. Ill. 2006).  A trustee or debtor in possession clearly has standing to challenge liens asserted against property of the bankruptcy estate.  In re Total Containment, Inc., 335 B.R. 589, 622 (Bankr. E.D. Pa. 2005).  The converse is also true:  a debtor in possession does not have standing to challenge liens asserted against property that is not property of the estate.  *See* In re Marrs-Winn Co., Inc., 103 F.3d 584, 589 (7th Cir. 1996)(bankruptcy court's jurisdiction does not extend beyond a debtor's interest in certain property).

It is well-settled that the owner of a beneficial interest in an Illinois land trust does not have standing to maintain a quiet title action.  In In re Stowe, 355 B.R. 88 (Bankr. N.D. Ill. 2006), for example, the Chapter 7 trustee removed a state court action in which the debtor, as one of the beneficial owners of a land trust, sought to quiet title to the real estate that was held by the land trust.  The court found that the Chapter 7 trustee had plead herself out of a cause of action by admitting that the debtor had no legal or equitable title to the real estate in question.  Id. *at* 101-02.

In Starnes v. Premier Trust Services, Inc., 1993 WL 87711 (N.D. Ill.), a similar result was reached.  The plaintiff in Starnes, the sole beneficiary of a land trust, filed an action to contest the validity of a mortgage given by the land trust trustee to a bank on the grounds that her signature was forged on the

"direction to trustee" document and on the note.  The court dismissed the complaint because a "plaintiff with no title cannot bring an action to remove a cloud on title." Id. *at* *3.  The court cited with approval an Illinois appellate court decision that "concluded that a beneficiary, who chooses the advantages of the land trust form of ownership, may not also act contrary to the terms of the trust agreement as if he had legal and equitable title when it suits his convenience."  Id., *citing* Department of Conservation v. Franzen, 43 Ill.App.3d 374, 356 N.E.2d 1245, 1250, 1 Ill.Dec. 912 (1976).

There may be an exception to the general rule that a beneficiary of a land trust does not have standing to bring a title action regarding real estate held in a land trust.  This exception comes into play when the plaintiff can show that his beneficial interest will not be protected by the land trust trustee. Stowe, 355 B.R. *at* 101; Starnes, 1993 WL 87711 *at* *3.  This exception is not applicable to this proceeding because Mr. Luedtke has not alleged that the land trust trustee cannot effectively protect his beneficial interest.

Mr. Luedtke relies on In re Cutty's-Gurnee, Inc., 1991 WL 277595 (N.D. Ill.) for authority to bring this action, but that reliance is misplaced.  Cutty's-Gurnee involved a priority dispute between creditors.  Neither the Chapter 7 trustee nor the debtor, which held the beneficial interest in a land trust, was a party to

-9-

the proceeding, and the issues of standing and §544 strong arm powers were not addressed. The issue in Cutty's-Gurnee was whether the sole beneficiary of a land trust had the capacity to create an equitable mortgage without the participation of the trust's trustee. The court cited Illinois case law for the proposition that "'a beneficiary of a conventional land trust may enter a valid contract to convey title to or lease trust property when the trust agreement vests in him the sole right to direct the trustee to convey title.'" Id. at 5, *quoting* Kurek v. State Oil Co., 98 Ill.App.3d 6, 424 N.E.2d 56, 59, 53 Ill.Dec. 643 (1981). Because the debtor was the sole beneficiary and had the exclusive power to direct the trustee's actions with respect to the property's title, the court found that an equitable mortgage existed. In this case, Mr. Luedtke is one of nine holders of a beneficial interest in Trust TW711, and he shares the power to direct the trustee's actions with Mr. Hill. Thus, the narrow exception of Cutty's-Gurnee is not applicable to the facts alleged in Mr. Luedtke's Amended Complaint.

Mr. Luedtke also suggests that Commerce Bank's Motion to Dismiss is procedurally defective because a motion for summary judgment is the proper means to interpret a debtor's powers under a trust agreement. Mr. Luedtke cites Stowe in support of this argument, but Stowe actually recommended dismissal of the quiet title action asserted by the trustee on behalf of the bankruptcy

-10-

estate.  Stowe, 355 B.R. *at* 101.  Starnes also resolved the issue of a land trust beneficiary's lack of standing to contest the validity of a mortgage by allowing a motion to dismiss.  Starnes, 1993 WL 87711 *at* \*3.  Because the court's review was limited to the complaint and the documents attached to the complaint, the issue of Mr. Luedtke's standing to bring this action is properly resolved by way of a motion to dismiss.

Finally, Mr. Luedtke requests that, if this Court finds that the trust agreement requires that legal actions be brought in the name of the trustee, the dismissal of this action "be without prejudice to the possibility of the land trust trustee . . . bringing its own action or re-filing of the adversary proceeding by the Debtor with the written consent of the land trust trustee if such consent can be obtained."  This request will be granted. Dismissal due to Mr. Luedtke's lack of standing does not preclude a proper party from filing an action to avoid the mortgage of Commerce Bank.  *See* Ball v. Nationscredit Financial Services Corp., 207 B.R. 869, 873 (N.D. Ill. 1997).

Given the alleged facts and all reasonable inferences drawn therefrom, the Court concludes that Mr. Luedtke has failed to state a cause of action to avoid the mortgage of Commerce Bank on the Towanda Property and the land trust itself.  The trust agreement clearly provides that Mr. Luedtke does not hold title to the real estate.  As a result, Mr. Luedtke does not have individual standing

-11-

to bring an action which challenges the validity of the Commerce Bank mortgage. Accordingly, Commerce Bank has established that Mr. Luedtke individually has not plead sufficient facts which plausibly entitle him to the relief requested and Count II must be dismissed.

The granting of Commerce Bank's Motion to Dismiss may, however, be a Pyrrhic victory. In its Motion to Dismiss, Commerce Bank asserts that case law requires that the formalities of a land trust not be ignored and that Trust TW711 clearly requires that only the land trustee - Bank of Illinois in Normal - may enter into conveyances and bring legal actions regarding the Towanda Property. Having prevailed on that issue here, it is unlikely that Commerce Bank will subsequently prevail in this or any other court in making the opposite argument that the formalities of a land trust may be ignored and the signatures of two beneficiaries on the Commerce Bank mortgage were proper substitutions for the required signature of the trustee. The principles of judicial estoppel limit such a reversal of positions at this juncture. *See* Matter of Cassidy, 892 F.2d 637, 641-42 (7th Cir. 1990), *cert. denied sub nom* Cassidy v. C.I.R., 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990).

Accordingly, nothing in the granting of Commerce Bank's Motion to Dismiss should be construed by either party as relieving Mr. Luedtke of his obligation under his confirmed Chapter 11 Plan to liquidate his interest in Trust TW711 for the benefit of his

creditors.  The dispute over the validity of the Commerce Bank mortgage has been a continuing issue in this case and is complicated by the fact that the Mr. Luedtke admits to having a conflict of interest in prosecuting the matter.  The promissory note which supports the alleged mortgage of Commerce Bank on the Towanda Property is guaranteed only by Mr. Luedtke, his wife Patricia Luedtke, and Michael Hill.  Mr. Luedtke expects to get a discharge upon completion of his Chapter 11 Plan, and Mr. Hill has been a debtor in an involuntary proceeding filed earlier this year. Although Mr. Hill's case was ultimately dismissed without the issuance of a discharge, Patricia Luedtke must rightly be concerned about being the only deep pocket for Commerce Bank to look to for payment of the note if its mortgage on the Towanda Property is declared invalid.

Despite the acknowledged conflict, Mr. Luedtke has assured this Court and his creditors through his confirmed Chapter 11 Plan that he will pursue avoidance of the Commerce Bank mortgage. The provisions of his confirmed Chapter 11 Plan specifically make liquidation of his interest in Trust TW711 and payment of the Commerce Bank debt subject to a determination of the validity of Commerce Bank's lien by this Court or another court of competent jurisdiction.  There are several ways to approach the matter, the most obvious of which is to use his power of direction under Trust TW711 to direct the trustee to file the action to quiet title.  The

trustee will, of course, require Mr. Luedtke to fund the costs of the legal action, but he is paying those costs now, and the estate funds being used for that purpose would be better spent on an action brought by the proper plaintiff.  Mr. Luedtke asserts that this Court would have "related to" jurisdiction to hear a matter brought by the trustee.  There is certainly authority to support that assertion, but this Court cannot determine that issue unless and until the action is brought.

    For the foregoing reasons, Commerce Bank's Motion to Dismiss the Amended Complaint is allowed.

    This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.

    See written Order.

###